STRAUSS v. FISHEL et al.

(Supreme Court, Appellate Term, First Department.   May 4, 1916.)

JUDGMENT ☞253(4)—SET-OFF—AMOUNT OF JUDGMENT.

    In a suit to recover a balance due for goods sold and delivered to defendant by a bankrupt, from whose trustee plaintiff had bought the account, where defendant pleaded payment and counterclaimed for damages in the sum of $37, and where plaintiff put in evidence defendant's statement admitting an indebtedness for a balance of $23.96, a judgment for defendant could not stand.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444; Dec. Dig. ☞253(4).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Albert Strauss against George M. Fishel and others, copartners under the name and style of the Michigan Furniture Company. From a judgment rendered in favor of defendants and against plaintiff after a trial, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Leon Kauffman, of New York City, for appellant.
Abraham Wielar, of New York City, for respondents.

COHALAN, J.  The plaintiff sued to recover a balance due on an account for goods sold and delivered to the defendants by one Reisler. The latter was adjudicated a bankrupt, and a trustee was duly elected. This trustee was authorized by the referee in bankruptcy to sell uncollected accounts, and pursuant to the order of sale he executed an assignment of uncollected accounts to the plaintiff herein.  Upon the trial the plaintiff, in conformity with a statement of account prepared by the defendants, amended his complaint by reducing his claim to the sum of $77.35.  The defendants set up a defense of payment, and upon the trial pleaded a further defense and a counterclaim, that certain of the merchandise sold had been delivered in a broken condition, and that Reisler had agreed to accept the return of the same as a credit in the sum of $37.

The plaintiff offered in proof a statement, which the defendants prepared and submitted to him on May 1, 1914.  On their own showing on that day they admitted an indebtedness for a balance of $23.96. This balance was obtained after allowing the item of discount and a claim for return merchandise.  Under their pleading, as amended at the trial, they added a counterclaim for damages in the sum of $37 At the conclusion of the trial, for the purpose of ascertaining upon what theory the court was rendering judgment in favor of the defendants, the plaintiff asked whether the court made any disposition of the counterclaim, and in reply thereto, the court said:

    "There is no affirmative judgment.  It is a judgment for the defendant on the merits after trial."

If the court had allowed the counterclaim, or any part thereof, then this judgment might be sustained. The judgment, however, may not stand with the written admission in evidence of the defendants to a liability of at least $23.96.

Judgment reversed, and new trial ordered, with $30 costs to the appellants to abide the event. All concur.